**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Diane Lang,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-16-03407-PHX-DLR<br><br>**ORDER** |

Plaintiff applied for a period of disability and disability insurance benefits on February 12, 2013, alleging disability beginning November 1, 2010. (A.R. 21.) The claim was denied initially on July 30, 2013, and upon reconsideration on December 17, 2013. (*Id.*) Plaintiff then requested a hearing. (*Id.*) On November 23, 2014, Plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 47-81.) During the hearing, Plaintiff amended her disability onset date to November 1, 2012. (*Id.* at 21.)

On March 3, 2015, the ALJ issued a written decision finding Plaintiff not disabled within the meaning of the Social Security Act. (*Id.* at 21-39.) This became the Commissioner's final decision when the Appeals Council denied review. (*Id.* at 1-3.) On October 6, 2016, Plaintiff sought review by this Court. (Doc. 1.) After receipt of the administrative record (Doc. 16), the parties fully briefed the issues for review (Docs. 17, 18). For reasons stated below, the Court affirms the Commissioner's decision.

# BACKGROUND

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. If not, the claimant is disabled.

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, and that she has not engaged in substantial gainful activity since November 1, 2010. (A.R. 24.) At step two, the ALJ found that Plaintiff has the following severe impairments: status post right knee replacement and revision, left knee degenerative joint disease, fibromyalgia, osteoarthritis, lumbar degenerative disc disease, and cervical degenerative disc disease. (*Id.*) At step three, the ALJ determined that Plaintiff's impairments do not meet or equal the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 28.) At step four, the ALJ found that Plaintiff:

> has the [RFC] to perform light work . . . except [she] can never climb ladders, ropes or scaffolds; [She] can

> occasionally climb ramps and stairs, stoop, crouch, kneel, and crawl. She can frequently balance, but would need to avoid concentrated exposure to dangerous machinery with moving and mechanical parts and concentrate exposure to unprotected heights that are high or exposed.

(*Id.* at 30.) The ALJ also found that Plaintiff is capable of performing her past relevant work as a teacher's aide. (*Id.* at 38.) Accordingly, the ALJ found Plaintiff not disabled. (*Id.* at 39.)

## **STANDARD OF REVIEW**

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## **DISCUSSION**

On appeal, Plaintiff challenges the ALJ's RFC determination, arguing that the ALJ improperly weighed medical and other source opinions and found Plaintiff's cane not medically necessary. Plaintiff also asserts that the ALJ erred in rejecting her symptom testimony. Having reviewed the record and the parties' briefs, the Court concludes that the ALJ did not error.

### **I. The ALJ Properly Weighed the Medical Opinions**

In weighing medical source opinions, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining

physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* However, a treating physician's opinion is entitled to controlling weight only if the opinion is well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(c)(2). Even where a treating physician's opinion is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record.[1] *Lester*, 81 F.3d at 830. The identical standard applies to examining physicians. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

Dr. Millstine, Plaintiff's primary care physician, and Dr. Alberti, the agency's consultative examiner both offered opinions concerning Plaintiff's limitations. Dr. Millstine completed three separate assessments for Plaintiff. In March 2014, Dr. Millstine completed her first assessment, which is comprised primarily of a single statement: "As the primary care physician for [Plaintiff], I have seen her functional ability decline. She lives with chronic pain that is suboptimally managed [and] medicated due to medication intolerance." (A.R. 554.) In September 2014, Dr. Millstine completed her second assessment, finding that Plaintiff has marked restrictions with activities of daily living, suffers from extreme episodes of decompensation, and would miss four or more days a month as a result of her impairments. (*Id.* at 555-57.) Finally, in October 2014, Dr. Millstine completed a check-box form, assessing that Plaintiff could: (1) lift and carry less than 10 pounds, (2) stand and/or walk less than 2 hours in an 8-hour workday, and (3) sit less than 2 hours in an 8-hour workday. (*Id.* at 558-59.) Dr. Millstine also opined that Plaintiff needs an assistive device for ambulation. (*Id.* at 559.)

Dr. Alberti opined that, due to Plaintiff's knee and back pain, she could: (1)

---

[1] This Court has, on prior occasions, questioned whether there is a meaningful, practical difference between the Ninth Circuit's "clear and convincing reasons" standard and the "specific and legitimate reasons" standard in light of the fact that all ALJ decisions must be supported by the same quantum of evidence. *Moore v. Comm'r of Soc. Sec. Admin.*, No. CV-16-03445-PHX-DLR, 2017 WL 6379920, at \*4-5 (D. Ariz. Dec. 14, 2017).

- 4 -

occasionally lift or carry up to 50 pounds, (2) frequently carry or lift up to 25 pounds, and (3) stand and/or walk between 2 and 4 hours in an 8-hour workday. (*Id.* at 535-40.) Dr. Alberti also found that Plaintiff had no sitting limitations, but needed an assistive device to eliminate her limp. (*Id.*) The ALJ assigned "little weight" to Dr. Millstine's assessment, and "partial weight" to Dr. Alberti's assessment. (Doc. 17 at 16-20.)

The opinions of Drs. Millstine and Alberti not only contradict each other, but also are contradicted by State agency medical consultants, who opined that Plaintiff could: (1) occasionally lift and carry 20 pounds; (2) frequently lift and carry more than 10 pounds; (3) stand and/or walk 6 hours in an 8-hour workday; and (4) sit 6 hours in an 8-hour workday. (A.R. 86-87, 99-100.) Accordingly, the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence in the record, for discounting Drs. Millstine's and Alberti's opinions. The ALJ satisfied this standard.

**A. Dr. Millstine**

The ALJ provided specific reasons for discounting each of Dr. Millstine's assessments. The ALJ discounted Dr. Millstine's March 2014 assessment, finding it "vague, imprecise," and "inconsistent with the medical evidence." (*Id.* at 36.) The ALJ also found that it failed to "provide any work related limitations." (*Id.*) Next, the ALJ discounted Dr. Millstine's September and October 2014 assessment because they were provided in a check-the-box form, unsupported by any reasoning or clinical findings, and inconsistent with the evidence of the record. (*Id.*) As a general rule, "[t]he better an explanation a source provides for an opinion, the more weight [an ALJ] will give that opinion." 20 C.F.R. § 404.1527(d)(3). When this rule is applied to opinions rendered in a check-box form, an ALJ "may permissibly reject" reports "that do not contain any explanation for the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Additionally, inconsistency with objective clinical evidence is a specific and legitimate reason for discounting medical opinion testimony. *See, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216-17 (9th Cir. 2005).

Substantial evidence supports the ALJ's finding. For example, Dr. Millstine's

statement about the decline in Plaintiff's functional ability offers neither an assessment of her workplace limitations, nor the nature and extent of her impairments. The ALJ reasonably concluded this bald opinion was entitled to "little weight."

Substantial evidence also supports the ALJ's findings concerning Dr. Millstine's September and October assessments. First, the assessments offer no medical signs, laboratory results, or clinical findings in support. (A.R. 556); *Molina*, 674 F.3d at 1111. Second, the ALJ found certain opinions "extreme" and "not consistent with the evidence." (A.R. 36.) For example, Dr. Millstine opined that Plaintiff is unable to stand for more than 2 hours in an 8-hour workday and lift or carry more than 10 pounds. The medical records concerning Plaintiff's knee pain, swelling, muscle strength, range of motion, and gait depict a person capable of much more than Dr. Millstine opined. (*See, e.g.*, *Id.* at 293-95 (no acute distress, no swelling or tenderness, normal gait), 476-79 (no swelling or tenderness, normal gait), 484 (no joint effusion and good range of motion), 520-23 (no severe distress, joint range of motion grossly normal, no obvious acute joint swelling, muscle testing grossly normal, walking free of any gait deviation), 651-54 (very modest loss of joint space medially, gait/station/strength normal, some pain but no acute distress), and 661-64.)

Plaintiff also argues that the ALJ erred in weighing Dr. Millstine's opinion regarding the necessity of an assistive device. Similar to the rest of Dr. Millstine's opinions, she merely checked the box indicating Plaintiff's "need for assistive device for ambulation." (*Id.* at 559.) Dr. Millstine neither offered an explanation for this opinion, nor do the medical records support it.[2] (*Id.* at 516 (Orthopedic consultant found that Plaintiff had full range of motion in her knees and could ambulate independently).) Therefore, the ALJ reasonably concluded that Dr. Millstine's opinions were only entitled to "little weight."

**B. Dr. Alberti**

---

[2] Plaintiff stated in her function report that in December 2012, Dr. Millstine prescribed the use of a cane. (A.R. 237.) The medical records from that period belie this assertion. (*Id.* at 330-37.) Other than medications, Dr. Millstine's only additional recommendation was for Plaintiff to use a compression sleeve on her right knee.

- 6 -

The ALJ gave only "partial weight" to Dr. Alberti's opinions concerning Plaintiff's ability to stand and/or walk and need for a cane. (*Id.* at 37.) Dr. Alberti opined that a cane was medically necessary "in the sense that without it she has a limp." (*Id.* at 537.) Notably, Dr. Alberti did not opine that it was medically necessary to ambulate.[3] Even if he had, that opinion would be belied by the medical evidence and Plaintiff's own testimony. For example, Plaintiff's treating physician observed that "[Plaintiff] can ambulate independently without any assistive any devices." (*Id.* at 516); *See, e.g.*, *Bayliss*, 427 F.3d at 1216-17. Moreover, Plaintiff's testified that she does not need the cane at all times, at times forgets to bring it with her, and ordinarily uses it after "a real rough night or a rough day." (*Id.* at 55-56.) Therefore, the ALJ did not err in giving only partial weight to Dr. Alberti's opinions.

**II. The ALJ Properly Weighed the Other Source Opinions**

Jerod Bowen, a physical therapist, conducted a "functional capacity evaluation," in which he opined that Plaintiff suffered from a number of limitations, including: (1) walking/standing may be performed occasionally with frequent rest periods; (2) seated work may be performed frequently; and (3) that she required an assistive device. (*Id.* at 640-48.) The ALJ gave the opinions little weight because they were inconsistent with the medical evidence of record. (*Id.* at 37.)

Physical therapists are defined as "other sources," § 404.1513(d), and are not entitled to the same deference as medical sources, § 404.1527; SSR 06–03p. The ALJ may discount testimony from these "other sources" if the ALJ "gives reasons germane to each witness for doing so." *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir.2010) (internal citation and quotation omitted). These reasons must also be supported by substantial evidence in the record. *See, e.g.*, *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Here, the ALJ offered a germane reason, discounting Bowen's opinion because it was inconsistent with the medical record. (A.R. 37.) This reason is supported by substantial evidence. (*See, e.g.*, *Id.* at 293-95, 484, 520-23, and 651-54.)

---

[3] Dr. Alberti's assessment, however, does reflect that *Plaintiff stated* her cane was for balance. (A.R. 537.)

- 7 -

Plaintiff also specifically challenges the ALJ's finding with respect to Bowen's opinions regarding the need for an assistive device. According to Bowen, Plaintiff needs an assistive device for kneeling and stairs. (*Id.* at 642.) Bowen also recommended Plaintiff use a single point cane when walking for "safety." (*Id.*) The ALJ found that Bowen's opinion deserved little weight because Bowen never treated Plaintiff, only observed her on one occasion, and based much of his opinions on Plaintiff's subjective complaints. (*Id.* at 37.) Additionally, this opinion is inconsistent with the medical evidence. (*See, e.g.*, *Id.* at 293-95, 484, 520-23, and 651-54.) Therefore, the ALJ did not err.[4]

### III. The ALJ Properly Weighed Plaintiff's Symptom Testimony

In evaluating a claimant's testimony regarding subjective pain or other symptoms, the ALJ must engage in a two-step analysis. First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms alleged. Second, if the claimant makes this showing and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The Court need not uphold all of the ALJ's reasons for discrediting a claimant, so long as substantial evidence supports the ALJ's decision. *See e.g.*, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff provided written reports and testified at the hearing that her impairments prevent her from working because of swelling and pain in her knees, chronic pain, degenerative disc disease, osteoarthritis, and fibromyalgia. (A.R. 30.) Plaintiff reported that her knee pain rendered her unable to sit, stand, or walk for long periods of time. In her function report, Plaintiff claimed that she could only walk "5 feet" before needing to stop and rest for 20 minutes. (*Id.* at 236.) The ALJ found that Plaintiff's medically

---

[4] Plaintiff challenges the ALJ's finding that Plaintiff's cane was not medically necessary. (Doc. 17 at 7.) This argument simply repeats Plaintiff's arguments concerning the ALJ's weighing of medical opinions, other source opinions, and Plaintiff's testimony. For reasons already discussed, this argument fails.

determinable impairments reasonably could be expected to cause her alleged symptoms and found no evidence of malingering. (*Id.* at 31.) The ALJ therefore was required to articulate clear and convincing reasons for discounting the testimony. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). The ALJ met this standard.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms not entirely credible" because: (1) her testimony about her daily activities was inconsistent and (2) the alleged severity of Plaintiff's symptoms was belied by the medical record. (A.R. 31-35.) These reasons are clear and convincing. *See Orn*, 495 F.3d at 639 (daily activities); § 404.1529(c)(3)(i); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (medical evidence); § 404.1529(c)(2). Plaintiff does not challenge the clarity or convincingness of either reason. Instead, Plaintiff claims that the ALJ erred by "fail[ing] to acknowledge or discuss Plaintiff's exemplary work history as part of [her] creditability assessment."[5] (Doc. 17 at 21.)

In support, Plaintiff cites to 20 C.F.R. § 404.1529(c)(3), which requires ALJ's to "consider" a claimant's "prior work record." Here, the ALJ considered "the entire record." (A.R. 30.) Moreover, the ALJ discusses Plaintiff's termination from her most recent job in her findings. (*Id.* at 31.) Plaintiff does not point to, nor did the Court find, any authority compelling the ALJ to include a detailed discussion of prior work history. Generally, substantial consideration is given to a claimant's work history where there is a long, sustained history of work that is interrupted by alleged disabilities. *See, e.g.*, *Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir. 1983) ("A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of

---

[5] In March 2016, the Social Security Administration issued Social Security Ruling 16-3p, 2016 WL 1119029 (March 16, 2016) ("SSR 16-3p"), which provides new guidance for ALJs to follow when evaluating a disability claimant's statements regarding the intensity, persistence, and limiting effects of symptoms. SSR 16-3p eliminates the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at *1. "The change in wording is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character," but "obviously administrative law judges will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016).

disability."). Here, unlike in cases where a claimant's work history is given substantial consideration, Plaintiff testified that she stopped working not because of her impairments, but because she was laid off by her employer as part of a reduction in force. (A.R. 31, 50.)

Moreover, even if the ALJ erred in failing to discuss Plaintiff's work history, such error is harmless because the Court need not uphold all of the ALJ's reasons for discounting Plaintiff so long as substantial evidence supports the ALJ's decision. *See, e.g.*, *Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1162-63 (9th Cir. 2008); *Batson*, 359 F.3d at 1197. Plaintiff did not challenge the ALJ's alternative reasons for finding her not entirely credible. *See Lewis v. Apfel,* 236 F.3d 503, 517 n.13 (9th Cir. 2001) (noting that the district court reviews only those issues raised by the party challenging the Commissioner's decision). And even if those reasons had been challenged, the Court would find that they are supported by substantial evidence.

For example, with respect to Plaintiff's daily activities, the ALJ highlighted that Plaintiff admitted to grocery shopping for two hours once a week and being able to perform certain household chores, including laundry and washing dishes. (A.R. 212-13.) This testimony is contradicted by Plaintiff's claims that she can only walk 5 feet before needing to stop and rest for 20 minutes, required a cane, and was unable to do any housework. (*Id.* 55-56, 234, 236.) Next, with respect to the medical record, despite describing her knee pain as "worse [] than just about anything," x-ray reports on Plaintiff's knees stated that they were "well-fixed" and had "no significant osteoarthritis." (*Id.* at 515.) Moreover, Plaintiff's treating physician regularly reported that she was "in no acute distress" and had "no obvious acute joint swelling." (*Id.* at 294, 484, 488, 522-23.) For the aforementioned reasons, the ALJ did not err.

## **CONCLUSION**

For the foregoing reasons, the ALJ's decision is free of legal error and supported by substantial evidence.

| | |
|---:|---|
| 1 | **IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk |
| 2 | of the Court shall terminate this case. |
| 3 | Dated this 28th day of March, 2018. |

_____
Douglas L. Rayes
United States District Judge